United States District Court
Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    DAWNIA SIMMONS,
8                        Plaintiff,              Case No.  19-cv-04431-PJH
9         v.
                                                 **ORDER GRANTING IN PART AND**
10   MARRIOT COURT YARD,                         **DENYING IN PART MOTION TO**
                                                 **DISMISS**
11                       Defendant.
                                                 Re: Dkt. No. 9
12
13
14        Before the court is defendant Courtyard Management Corporation's[1] ("Marriott" or

15   "defendant") motion to dismiss.  The matter is fully briefed and suitable for decision

16   without oral argument.  Having read the parties' papers and carefully considered their

17   arguments and the relevant legal authority, and good cause appearing, the court rules as

18   follows.

19                              **BACKGROUND**

20        On August 1, 2019, pro se plaintiff Dawnia Simmons ("plaintiff") filed a complaint

21   ("Compl.") in this action.  Dkt. 1.  The complaint alleges three causes of action: (1)

22   defamation of character; (2) retaliation; and (3) discrimination.  See id.

23        The complaint alleges that plaintiff worked for Marriott Courtyard in 2017, and she

24   complained about not getting a raise and how she was treated.  Id. at 3.[2]  After she

25   resigned in 2018, plaintiff sought employment at other hotels.  Id. at 4.  When potential

26
27   ――――――――――――――――――
     [1] Defendant is erroneously named in the complaint as "Marriot Court Yard."
28   [2] Pin citations refer to the ECF page numbers electronically stamped at the top of the
     complaint.

United States District Court
Northern District of California

1   employers called Marriott for a reference, Marriott employees falsely told them that she

2   was fired, when in fact she had resigned.  Id.  Plaintiff then asked Marriott for a copy her

3   letter of resignation in order to demonstrate to future potential employers that she

4   resigned and was not fired.  Id.  Marriott refused to give her a copy.  Id.  Plaintiff then

5   asked someone at the NAACP to ask a general manager at Marriott for a copy of her

6   letter of resignation, which resulted in the manager faxing the letter.  Id.

7        Plaintiff's first claim is for defamation of character.  Plaintiff alleges that Marriott

8   falsely told her potential employers that she was fired from Marriott.  Id. at 5.  The effect

9   was to prevent her from obtaining employment at another hotel.  Plaintiff's second claim

10  is for discrimination.  Plaintiff alleges that she complained about not getting a raise

11  following her time as a probationary employee.  Id. at 6.  Although she resigned, she

12  claims that she was discriminated against because Marriott made it difficult for her to get

13  other employment because Marriott defamed her.  Id.  Plaintiff's third claim is for

14  retaliation.  Plaintiff alleges that every time a potential employer calls Marriott for a

15  reference, Marriott falsely informs the employers she was terminated.  Id. at 8.

16       On October 17, 2019, defendant filed a motion to dismiss the complaint in its

17  entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative,

18  plaintiff's discrimination and retaliation claims should be dismissed pursuant to Rule 12(e)

19  for a more definite statement.  Dkt. 9.  On December 12, 2019, the parties stipulated to

20  participate in mediation, which the court approved the following day.  Dkt. 29.  On

21  January 17, 2020, the court referred plaintiff to the federal pro bono project and stayed

22  the action pending appointment of counsel.  Dkt. 36.  Despite repeated attempts to

23  secure counsel for the purposes of mediation, the federal pro bono project was unable to

24  do so, and the court withdrew the referral on November 10, 2020.  Dkt. 37.

25                              **DISCUSSION**

26  **A.    Legal Standard**

27       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

28  legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock Inc., 349 F.3d 1191,

2

United States District Court
Northern District of California

1199–1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999), superseded by statute on other grounds as stated in In re Quality Sys., Inc. Sec. Litig., 865 F.3d 1130 (9th Cir. 2017)); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("[A] court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." (citation

1   omitted)).  The court may also consider matters that are properly the subject of judicial

2   notice (Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001)), and exhibits

3   attached to the complaint (Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d

4   1542, 1555 n.19 (9th Cir. 1989)).

5   **B.     Analysis**

6         **1.     First Claim: Defamation**

7         Plaintiff's first claim is for defamation.  Compl. at 5.  "Defamation is an invasion of

8   the interest in reputation."  Gilbert v. Sykes, 147 Cal. App. 4th 13, 27 (Ct. App. 2007)

9   (quoting Ringler Assocs. Inc. v. Md. Cas. Co., 80 Cal. App. 4th 1165, 1179 (Ct. App.

10  2000)).  "The tort involves the intentional publication of a statement of fact that is false,

11  unprivileged, and has a natural tendency to injure or which causes special damage."

12  Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (Ct. App. 1999) (citing Cal. Civ. Code

13  §§ 45–46).  "Publication means communication to some third person who understands

14  the defamatory meaning of the statement and its application to the person to whom

15  reference is made.  Publication need not be to the 'public' at large; communication to a

16  single individual is sufficient."  Id. (citations omitted).

17        Defendant argues that plaintiff fails to allege sufficient facts on the issue of her

18  injury, including that the alleged statement regarding her termination was a substantial

19  factor in causing her harm.  Mtn. at 5.

20        Plaintiff pleads sufficient facts to state a claim for defamation.  The allegedly false

21  statement occurred when Marriott stated that plaintiff was fired when in fact she resigned.

22  The publication occurred when other potential employers called Marriott in regard to

23  plaintiff and Marriott informed those third parties that plaintiff was fired.  With regard to

24  injury and causation, plaintiff alleges that she "can't get hired at another hotel because

25  everytime [sic] a hotel call[s] to verify that I worked for Marriot [sic] they tell them I was

26  terminated."  Compl. at 5.  Plaintiff sufficiently alleges an injury because she was unable

27  to secure other employment and that she has been in a state of depression because she

28  was unable to secure alternate employment.  Id. at 5, 7.  The causation element is met

United States District Court
Northern District of California

4

1   because plaintiff alleges she cannot secure employment elsewhere because, on multiple

2   occasions, other employers called Marriott to inquire about plaintiff and the false

3   statement about her being fired was the reason she could not secure a job.

4       For the foregoing reasons, defendant's motion to dismiss plaintiff's first claim is

5   DENIED.

6       **2.      Second & Third Claims: Discrimination and Retaliation**

7       Plaintiff's second claim is for discrimination and her third claim is for retaliation.

8   Compl. at 6, 8.  Though she does not cite the statute, the court construes her claims as

9   violations of Title VII.  "Title VII of the Civil Rights Act of 1964 proscribes discrimination in

10  employment on the basis of race, color, religion, sex, or national origin . . . . [and]

11  prohibits retaliation against persons who assert rights under the statute." Fort Bend Cty.

12  v. Davis, 139 S. Ct. 1843, 1846 (2019) (citing 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a)).

13      To prove a prime facie case of discrimination under Title VII, plaintiff must show

14  that (1) she is a member of a protected class; (2) she was qualified for her position and

15  performing her job satisfactorily; (3) she experienced an adverse employment action; and

16  (4) that similarly situated individuals outside the protected class were treated more

17  favorably, or other circumstances surrounding the adverse employment action that give

18  rise to an inference of discrimination.  Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151,

19  1156 (9th Cir. 2010) (citations omitted).  To prove a claim of retaliation in violation of Title

20  VII, a plaintiff must show "(1) involvement in protected activity opposing an unlawful

21  employment practice, (2) an adverse employment action [by the defendant], and (3) a

22  causal link between the protected activity and the adverse action." Freitag v. Ayers, 468

23  F.3d 528, 541 (9th Cir. 2006) (citation omitted).

24      Defendant argues that plaintiff's second and third claims must be dismissed

25  because plaintiff has failed to allege any allegations regarding whether she filed an

26  administrative charge with the Equal Employment Opportunity Commission ("EEOC").

27  Mtn. at 4–5.

28      The court agrees with defendant.  Title VII requires a complainant to file a charge

United States District Court
Northern District of California

5

with the EEOC within 180 days of the alleged unlawful employment practice.  42 U.S.C.

§ 2000e-5(e)(1).  In states such as California that have state or local laws prohibiting the

unlawful employment practice alleged, a complainant must file a charge with that state or

local authority before filing a charge with the EEOC.  § 2000e-5(c); Fort Bend Cty., 139 S.

Ct. at 1846.  Where a complainant files a charge with a state or local authority, she has

either 300 days after the unlawful employment practice occurred or 30 days after

receiving notice that the state or local authority has terminated the proceedings to file

with the EEOC, whichever is earlier.  § 2000e-5(e)(1).

If the EEOC or state agency dismisses the charge and issues a right-to-sue letter,

a complainant has 90 days to file a claim in federal court.  § 2000e-5(f)(1).  "[T]he failure

to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title

VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable

tolling."  Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (citing Zipes v.

Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).  However, if a defendant raises

exhaustion, a plaintiff must allege facts sufficient to establish substantial compliance with

the administrative exhaustion requirements outlined above.  See Redd-Oyedele v. Santa

Clara Cty. Off. of Educ., 2020 WL 4732343, at *3 (N.D Cal. Aug. 14, 2020); Burnes v.

Chavez, 2020 WL 2306488, at *3 (N.D. Cal. May 8, 2020) (collecting cases).

Here, defendant has raised plaintiff's failure to exhaust administrative remedies.

See Fort Bend Cty., 139 S. Ct. at 1849 ("A claim-processing rule may be 'mandatory' in

the sense that a court must enforce the rule if a party 'properly raise[s]' it." (alteration in

original) (quoting Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam))).  In this

case, the complaint is silent on whether plaintiff has exhausted her administrative

remedies before the EEOC or any state agency, whether she received a right-to-sue

letter from the EEOC, and when she received that letter.  In her opposition, plaintiff

appears to state that she had some contact with both the California Department of

Industrial Relations' complaint investigation unit and the EEOC office.  Opp. at 5.  It

further appears that plaintiff requested a good cause extension from those offices, but it

6

1   is unclear whether they granted such an extension or what ultimately happened to her

2   complaints in those offices.  See id.  There is no indication that those offices issued

3   plaintiff a right-to-sue letter.  Further, as defendant points out, a plaintiff may not rely on

4   factual allegations in an opposition; plaintiff must include her factual allegations in her

5   complaint.  See Fed. R. Civ. P. 8(a); Hodges v. Apple Inc., 2013 WL 6698762, at *4 (N.D.

6   Cal. Dec. 19, 2013) ("In deciding a motion to dismiss, a court must generally look at the

7   complaint only.").

8          Thus, plaintiff has not alleged facts in her complaint demonstrating that she

9   exhausted her claims before the Department of Industrial Relations and the EEOC.

10  Plaintiff's statements in her opposition demonstrate that she could allege additional facts

11  in an amended complaint.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A]

12  district court should not dismiss a pro se complaint without leave to amend unless it is

13  absolutely clear that the deficiencies of the complaint could not be cured by

14  amendment.").  Based on these statements, it is clear that leave to amend the complaint

15  is warranted; however, plaintiff must allege facts in her complaint demonstrating that she

16  exhausted her administrative remedies and she must also allege facts that she plausibly

17  meets all the elements of a Title VII discrimination claim and retaliation claim.

18         For the reasons stated, defendant's motion to dismiss plaintiff's second and third

19  claims is GRANTED, and the claims are DISMISSED WITH LEAVE TO AMEND.

20                                          **CONCLUSION**

21         For the foregoing reasons, defendant's motion to dismiss is GRANTED IN PART

22  AND DENIED IN PART and plaintiff's second and third claims are DISMISSED WITH

23  LEAVE TO AMEND.  Plaintiff may file an amended complaint that addresses the

24  deficiencies noted in this order within 30 days of the date of this order.  If plaintiff chooses

25  not to file an amended complaint, the case will proceed on plaintiff's first claim.  No

26  additional claims or parties may be added without consent of the defendant or leave of

27  court.

28         While the federal pro bono project was unable to place plaintiff's case with an

United States District Court
Northern District of California

attorney, the Legal Help Center at the San Francisco and Oakland courthouses provides information and limited-scope legal assistance to pro se litigants.  Appointments may be scheduled by calling 415-782-8982 or emailing federalprobonoproject@sfbar.org.  For more information, plaintiff may visit the Legal Help Center's website: https://www.cand.uscourts.gov/about/court-programs/legal-help-desks/.

**IT IS SO ORDERED.**

Dated: November 13, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge