UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWNIA SIMMONS,<br>　　　　Plaintiff,<br>　　v.<br>MARRIOT COURT YARD,<br>　　　　Defendant. | Case No. 19-cv-04431-PJH<br><br>**ORDER RE: JOINT DISCOVERY LETTER DATED SEPTEMBER 13, 2021**<br><br>Re: Dkt. No. 52 |

Before the court is the September 13, 2021, joint discovery letter filed by pro se plaintiff Dawnia Simmons and defendant Courtyard by Marriott, LLC ("Courtyard"), erroneously sued and served as "Marriott Court Yard." The letter follows defendant's deposition of plaintiff, during which plaintiff refused to provide answers responsive to certain questions, as well as a meet and confer exchange in which plaintiff further refused to provide answers responsive to the questions. Courtyard now seeks to compel responses to its deposition questions.

**I.　BACKGROUND**

On August 1, 2019, plaintiff initiated this lawsuit against her former employer, alleging causes of action for (1) defamation, (2) discrimination, and (3) retaliation. Dkt. 1. Defendant filed a motion to dismiss the complaint, which the court granted in part and denied in part. See Dkt 38. Plaintiff did not amend the complaint, and defendant subsequently filed an answer. Dkt. 40.

Defendant took the first volume of plaintiff's deposition on July 29, 2021. Dkt. 52. During the deposition, defendant asked plaintiff about her criminal history, and plaintiff

1  refused to provide a response.  The parties met and conferred on the record, with
2  defense counsel attempting to explain that defendant was entitled to a response, but
3  plaintiff refused to further respond.

4      In the deposition, defendant also asked for information regarding plaintiff's efforts
5  to obtain subsequent employment following her tenure with Courtyard.  Plaintiff testified
6  that she applied to work at Hyatt House, another area hotel, but she was told that she
7  would only be considered if she provided a letter that demonstrated that she had not
8  been terminated from Courtyard.  When asked if she provided to Hyatt House the letter
9  she used to resign from Courtyard, plaintiff refused to answer.

10     The parties thereafter met and conferred by both email and by video conference
11 regarding the responses plaintiff refused to provide in the deposition.  The parties then
12 submitted the instant joint discovery letter.  Dkt. 52.

13 **II.   LEGAL STANDARD**

14     In general, parties may obtain discovery regarding any matter, not privileged, that
15 is "relevant to any party's claim or defense and proportional to the needs of the case."
16 Fed. R. Civ. P. 26(b)(1).  Factors to consider include "the importance of the issues at
17 stake in the action, the amount in controversy, the parties' relative access to relevant
18 information, the parties' resources, the importance of the discovery in resolving the
19 issues, and whether the burden or expense of the proposed discovery outweighs its likely
20 benefit."  Id.  An item need not be admissible in evidence to be discoverable.  Id.

21 **III.  DISCUSSION**

22     Here, the information Courtyard seeks about the plaintiff's criminal history is
23 relevant to her credibility as a witness because Federal Rule of Evidence 609 provides
24 that evidence of a witness's past convictions may be introduced at trial to impeach a
25 witness's credibility.  While some evidence of a past conviction may be found
26 inadmissible at trial if the probative value of the evidence does not "substantially
27 outweigh[ ] its prejudicial effect," Fed. R. Evid. 609(b)(1), potential prejudice does not
28 bear on whether the information must be produced in discovery.  This type of information,

even if it may ultimately prove inadmissible, is discoverable so long as it is relevant for the purpose sought.  At this stage, plaintiff must provide a response to the inquiry regarding her criminal history.

Further, the information defendant seeks regarding plaintiff's subsequent efforts to obtain employment are generally relevant to the issue of damages.  Plaintiff's defamation claim is based on alleged statements by Courtyard that she was involuntarily terminated, which inhibited her ability to find subsequent employment.  Defendant is entitled to a response as to whether and when she shared her letter of resignation with prospective employers in order to secure subsequent employment and mitigate her damages.  Plaintiff fails to provide meaningful argument to justify withholding a response to defendant's inquiry.  Therefore, plaintiff must provide a response to the inquiries regarding her resignation letter.

**IV.   CONCLUSION**

For the foregoing reasons, the court GRANTS defendant's motion to compel plaintiff to respond to deposition questions on both topics.  Plaintiff must make herself available for another deposition session before the close of discovery, and she must respond to defendant's inquiries regarding her criminal history and the provision of her letter of resignation to prospective employers.

**IT IS SO ORDERED.**

Dated: September 13, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge